IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT L. PRESTON,

    *Plaintiff,*

vs.

KIMBERLY LOPEZ, STEVE EDLER,
PAUL PAULEY, and THE CITY OF
GARDEN CITY, KANSAS

    *Defendants.*

Case No. 18-1227-EFM-TJJ

**MEMORANDUM AND ORDER**

Plaintiff Robert L. Preston brings suit against three individuals and the City of Garden City, Kansas. He asserts eight claims arising from his arrest for allegedly driving under the influence. Defendants seek partial judgment on the pleadings (Doc. 13). They request that Counts IV through VIII be dismissed. Because the Court finds that Plaintiff states a claim for failure to intervene, the Court will not dismiss Count IV. Counts V through VIII, however, will be dismissed. Thus, Defendants' motion is granted in part and denied in part.

**I.    Factual Background**

On September 11, 2017, at approximately 9:17 a.m., Defendant Kimberly Lopez (employed as a police officer by Defendant City of Garden City) stopped a vehicle driven by Plaintiff. The basis for the stop was an illegal turn. Plaintiff's son was a passenger in the vehicle.

Lopez asked for Plaintiff's driver's license and insurance information. Plaintiff had no difficulty in giving them to her. Lopez then asked the last time that Plaintiff had drank alcohol to which he responded that he did not drink and had not since 1998. Lopez stated that it smelled like alcohol in the car.

After Lopez took the information from Plaintiff, she returned to her motorcycle. She requested another officer to be dispatched. Approximately six minutes after the initial traffic stop, Defendant Steve Edler (also employed as a Garden City police officer) arrived.

Lopez returned to Plaintiff's vehicle and had him step out to perform standard field sobriety tests. Plaintiff had no difficulty walking to the rear of his vehicle. Lopez and Edler spoke to Plaintiff for about a minute. During his encounter, Plaintiff had no difficulty speaking and was not slurring his speech.

Prior to being tested, Plaintiff informed Lopez that he was so scared that he did not think he could do the tests. Plaintiff was afraid of Lopez and Edler because he believed that his son (who was in the car) had been beaten by members of the Garden City Police Department. The first test that Plaintiff performed was the horizontal gaze nystagmus.

The second test that Plaintiff performed was the walk and turn test. During the first nine steps, Plaintiff missed heel to toe on three steps, he stepped off the line one time, and completed an improper turn. During the second set of nine steps, he missed heel to toe on three steps. He did not lose his balance or raise his arms and did not start until instructed to do so.

The next test Lopez had Plaintiff do was the one leg stand. She noted no clues of impairment on this test. Lopez asked Plaintiff if he took any medication to which Plaintiff responded no. Lopez told him that she believed he was under the influence of something, and she

was going to take him down to the police station to do some additional testing to see if he was under the influence of any medication.

Lopez put handcuffs on Plaintiff and told him that he was under arrest. Edler assisted in the arrest by searching Plaintiff incident to his arrest. Plaintiff was transported to the police station by Officer Reid of the Garden City Police Department.

At the police station, Plaintiff provided a breath sample to the intoxilyzer, a machine used to detect and quantify alcohol in a subject's breath. The intoxilyzer determined that Plaintiff's breath sample contained .000 grams of alcohol per 210 liters of breath. During the course of the traffic stop, Plaintiff was polite and cooperative; his speech and walking were normal; his eyes were bloodshot and pupils constricted; and he was dressed normally.

Lopez charged Plaintiff with driving under the influence and making an improper turn, by filing a uniform notice to appear, directing him to appear in the Municipal Court of Garden City on November 1, 2017. The matter was set for trial on March 27, 2018. The City of Garden City dismissed the charges against Plaintiff on March 27, 2018.

On July 10, 2018, Plaintiff filed suit against Lopez, Edler, Paule Pauley (Lopez's and Edler's supervisor), and the City of Garden City in the District Court of Finney County, Kansas. On August 15, 2018, Defendants removed the case to this Court. In Plaintiff's Complaint, he asserts eight different claims. In Plaintiff's first three claims, he asserts that Lopez violated his Fourth Amendment right to be free from unreasonable seizure. In Count IV, he claims that Edler had a duty to intervene and prevent his unlawful arrest and violated his Fourth Amendment right. In Count V, Plaintiff claims that Pauley ratified, approved, and authorized the unlawful conduct of Lopez and Edler. Counts VI and VII are brought against the City, and Plaintiff claims that the City violated his right to be free from unreasonable seizure under the Fourth Amendment when it

ratified and approved the actions of Lopez, Edler, and Pauley. Count VIII is brought against the City for malicious prosecution.

Defendants have now filed a Motion for Judgment on the Pleadings. They seek dismissal of claims IV through VIII.

## II. Legal Standard

Defendants bring their motion pursuant to Fed. R. Civ. P. 12(c) because they have already filed an Answer in the case. Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial.[1] The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[2] To survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[3] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[4] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[5] Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion.[6] A

---

[1] Fed. R. Civ. P. 12(c).

[2] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

[5] *Id*. (quotations marks and citation omitted).

[6] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

court "may take judicial notice of pleadings in prior cases without converting that motion to one for summary judgment."[7]

### III. Analysis

Defendants contend that Counts IV through VIII should be dismissed because Plaintiff fails to state a claim. Plaintiff does not object to the dismissal of Counts V and VII. Plaintiff, however, contends that Counts IV, VI, and VIII should remain in the case. The Court will address each claim.

**A.    Count IV**

In Count IV, Plaintiff claims that Edler had a duty to intervene to prevent his unlawful arrest and detention by Lopez. Because Edler did not intervene and prevent his arrest, Plaintiff claims that Edler violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure. Defendants contend that Edler is entitled to qualified immunity.

"Qualified immunity is an immunity from suit rather than a mere defense to liability."[8] In general, when a defendant asserts qualified immunity, the plaintiff must establish that (1) the defendant violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct.[9]

Defendants argue that Edler did not have a duty to intervene and even if he did have a duty to intervene, it was not clearly established.[10] Defendants are mistaken. The Tenth Circuit has

---

[7] *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) (citations omitted).

[8] *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (internal quotation marks and citation omitted).

[9] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

[10] In Defendants' motion, they contend that there is no Tenth Circuit law clearly establishing a duty for an officer to intervene *unless* the case involves excessive force. In Defendants' reply, however, they concede that the Tenth Circuit has recognized a duty to intervene in contexts other than excessive force. Defendants then present a

found that an officer has a duty to intervene in certain circumstances. Specifically, the Tenth Circuit states that it is clearly established that:

> [A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official. In order for liability to attach, there must have been a reasonable opportunity to intervene to prevent the harm from occurring. Whether an officer had sufficient time to intercede or was capable of preventing harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise.[11]

Defendants argue that Edler could not have known whether Lopez (who was the first officer to arrive and had more contact with Plaintiff) had formulated probable cause to arrest Plaintiff. This inquiry, however, does not fully take into account the law as stated above and the facts as stated in the Complaint. "The test the Tenth Circuit has adopted for failure to intervene is as follows: 'An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer *observes* or *has reason to know* . . . that a citizen has been unjustifiably arrested . . . .' "[12]

---

brief argument, with a citation to Fourth Circuit law (that is an incorrect citation), that Officer Edler's knowledge is the relevant inquiry. The Court does not find this argument persuasive.

[11] *Hall v. Burke*, 12 F. App'x 856, 861 (10th Cir. 2001) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)); *see also Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008) (noting that it was "clearly established" that an officer has an affirmative duty to intervene in such instances as (1) excessive force, (2) unjustifiable arrest, and (3) any constitutional violation being committed by law enforcement officials) (citations omitted).

[12] *Tanner v. San Juan Cty. Sheriff's Office*, 864 F. Supp. 2d 1090, 1120 (D.N.M 2012) (citing *Hall*, 12 F. App'x at 861); *see also Hemingway v. Russo*, 2018 WL 4082201, at *11 (D. Utah 2018) (noting that "[t]he broad language of *Hall* makes it clear that officers who fail to intercede are liable when those officers observe or have reason to know that *any* constitutional violation has been committed by a law enforcement official.").

Here, the Court must take the facts as stated in the Complaint as true and construe them in the light most favorable to Plaintiff. Plaintiff alleges that Edler arrived approximately six minutes after the initial traffic stop and was present through the entirety of the field sobriety tests. He alleges that Edler did not smell alcohol and observed Plaintiff's performance on his field tests. He states that Edler knew that Lopez extended the traffic stop. Plaintiff also contends that Edler knew that Lopez did not have probable cause to arrest Plaintiff and had ample opportunity to intervene and prevent the unlawful arrest. These facts would indicate that Edler, at the least, observed the alleged unconstitutional arrest and constitutional violation.[13] These facts, taken as true, are sufficient to state a Fourth Amendment claim against Edler for his alleged failure to intervene and prevent Plaintiff's arrest. Thus, the Court denies Defendants' motion as to Count IV.

**B.**     **Count VI**

In Count VI, Plaintiff alleges that the City violated his right to be free from unreasonable seizure under the Fourth Amendment when it ratified Lopez's and Edler's actions by ordering or directing the city prosecutor not to dismiss the complaint against Plaintiff for six months. Defendants contend that Plaintiff does not allege any facts to infer that there is a policy giving rise to the alleged constitutional violations. Plaintiff contends that the City was aware of the facts and circumstances surrounding his arrest.

"A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff."[14] Generally, to impose liability upon a municipality, a plaintiff must

---

[13] The Court notes that Defendants do not make any argument as to Officer Lopez's conduct. Instead, they simply assert that Edler did not know whether Lopez had formulated probable cause for Plaintiff's arrest.

[14] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

demonstrate that the actions were taken pursuant to an official policy or a custom.[15] This policy or custom "may take the form of . . . the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval."[16] Again, "a municipality will not be found liable under a ratification theory unless a final decisionmaker ratifies an employee's specific unconstitutional actions, as well as the basis for these actions."[17]

Plaintiff is not bringing a claim against the prosecutor. Instead, as noted above, Plaintiff seeks to impose liability on the City (through a ratification theory) by alleging that the City told the prosecutor not to dismiss the charges against Plaintiff despite the lack of probable cause to support the arrest and charges. Yet, Plaintiff simultaneously argues that the prosecutor is the final decisionmaker. Essentially, Plaintiff alleges that the City (either by the prosecutor or through the prosecutor) ratified Lopez's and Edler's alleged unconstitutional actions (improper seizure) and the basis for those actions by not dismissing the charges against Plaintiff for six months.

Plaintiff fails to identify any case law that supports his theory. In his Complaint, there are no allegations of a policy or a custom by the City. There are no allegations that Lopez's, Edler's, or the prosecutor's actions were taken pursuant to any policy or a custom. There are no allegations that the prosecutor has any input into the City's policies or customs regarding a police officer's search or seizure. In short, there are no allegations that the City's actions caused any of the alleged unconstitutional acts at the time of Plaintiff's alleged seizure. Thus, Plaintiff fails to allege in

---

[15] *Id.*

[16] *Id.* (internal quotation marks and citations omitted).

[17] *Id.* at 790.

Count VI that the City violated his Fourth Amendment right to be free from unreasonable seizure. Accordingly, this claim is dismissed.

**C.      Count VIII**

Plaintiff's final claim is one for malicious prosecution against the City. A malicious prosecution claim has five elements. These include that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."[18] Defendants argue that Plaintiff's claim must be dismissed because he has not pled sufficient facts to meet the second element.

To meet the favorable termination on the merits element, "a plaintiff must allege facts which, if true, would allow a reasonable jury to find the proceedings terminated for 'reasons indicative of innocence.' "[19] If "the disposition terminating a criminal proceeding does not on its face say anything at all about the plaintiff's guilt," the Court will "look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence."[20] Generally, if the disposition of a case "leaves the question of the accused's innocence unresolved," the criminal proceeding did not terminate

---

[18] *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citation omitted).

[19] *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018) (quoting *M.G. v. Young*, 826 F.3d 1259, 1263 (10th Cir. 2016)).

[20] *Id*. (internal quotation marks and citation omitted).

favorably.[21] In addition, if a court dismisses a charge due to "technical grounds having little or no relation to the accused's guilt," it is not considered a favorable disposition.[22]

In Plaintiff's Complaint, there is only one factual allegation as to the disposition of Plaintiff's case and that is that the City dismissed the charges against Plaintiff on March 27, 2018. No other allegations are present indicating the reason why it was dismissed or that the action terminated in favor of Plaintiff.[23] Thus, Plaintiff fails to allege an essential element to his claim.

Furthermore, Defendant attached the dismissal order to its motion. The dismissal order states that the City moved the court for an order of dismissal *without prejudice* of the charges due to the officer not being available for trial. Thus, the disposition of the case appears to be on technical grounds unrelated to Plaintiff's innocence.[24] Accordingly, Plaintiff's Complaint does not contain sufficient allegations to state a claim for malicious prosecution as he does not allege that the action terminated favorably for Plaintiff. Thus, the Court dismisses Count VIII.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 13) is **DENIED IN PART** and **GRANTED IN PART**.

---

[21] *Id.* (citation omitted).

[22] *Id.* (quotation marks and citation omitted).

[23] A dismissal does not necessarily mean a termination in favor of the plaintiff.

[24] Plaintiff asserts that the Court can infer from the allegations of the Complaint that the prosecutor dismissed the case because the City would not be able to prove Plaintiff's guilt. Plaintiff's theory is pure speculation and contrary to the stated reason in the order dismissing the charges without prejudice.

Counts V, VI, VII, and VIII are dismissed.

**IT IS SO ORDERED**.

Dated this 2nd day of May, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE